THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as *State v. Jones* (1997), 79 Ohio St.3d 324.]

(No. 96–834—Submitted May 6, 1997—Decided August 6, 1997.)

326

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Steven J. Ring*, Assistant Prosecuting Attorney, for appellant.

*David R. Miles*, for appellee.

LUNDBERG STRATTON, J.  The issue we are called upon to clarify is whether the specification of physical harm or threat of physical harm of former R.C. 2941.143 is satisfied when, as here, the defendant causes or threatens physical harm *during* the commission of a felony, whether or not the felony itself causes or threatens harm.  Because we find that it is so satisfied, we reverse the judgment of the court of appeals.

R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."  Former R.C. 2925.11(C)(1) defines this offense as a fourth-degree felony.  Former R.C. 2941.143[1] permits the imposition of an indefinite term of incarceration if the indictment specifies that, *during the commission of the offense charged,* the offender caused or threatened to cause physical harm to any person with a deadly weapon.  140 Ohio Laws, Part I, 583, 602–603.  By contrast, former R.C. 2929.11(D) mandates a definite sentence if the indictment does not specify that, during the commission of the offense charged, the offender caused or threatened to cause physical harm to any person with a deadly weapon.  An indefinite term for a fourth-degree felony, pursuant to former R.C. 2929.11(B)(7), is a minimum term of either eighteen months, two years, thirty months, or three years, and a maximum term of five years.  Because the indictment charging the appellee with drug abuse also specified that during the commission of that offense, the appellee made an actual threat of physical harm to Detective Scarpelli, imposition of an indefinite term pursuant to former R.C. 2929.11(B)(7) was appropriate.

The court of appeals misinterpreted our decision in *State v. Witwer* (1992), 64 Ohio St.3d 421, 596 N.E.2d 451.  The court of appeals interpreted *Witwer* to hold

---

1.  Former R.C. 2941.143 has been repealed pursuant to Am.Sub.S.B. No. 2 which took effect in July 1996.  However, the harm specification is now found as a sentencing factor pursuant to R.C. 2929.13(B)(1)(a), (b), and (c).  Presently, the trial court must determine whether in committing the offense, the defendant caused, attempted to cause, or made an actual threat of physical harm to any person with a deadly weapon.

that given that the appellee's drug abuse felony *itself* neither caused nor threatened physical harm, the trial court should have imposed a definite sentence pursuant to R.C. 2929.11(D) rather than an indefinite sentence under R.C. 2929.11(B)(7). *Witwer* does not require the felony *itself* to have caused the harm. In *Witwer*, the defendant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06 and a specification that, during the commission of the offense, the defendant caused physical harm to the victim of the vehicular homicide pursuant to former R.C. 2941.143. The defendant was convicted of the offense and the specification. On appeal, the court of appeals reversed the trial court, concluding that because the specification was subsumed within the underlying offense, a conviction predicated on that offense constituted a violation of due process of law. This court reversed the court of appeals and remanded the cause to the trial court for reimposition and execution of the original sentence.

In reversing, this court found that R.C. 2929.11(D) "implicitly provides that the commission of a fourth degree felony which *does* 'cause physical harm' will subject a convicted defendant to the indefinite term of incarceration provided in R.C. 2929.11(B)(7)" (emphasis *sic* ), *Witwer*, 64 Ohio St.3d at 424–425, 596 N.E.2d at 454, and that such a sentence did not violate due process in that the legislature was entitled to punish more severely those who caused or threatened harm during the commission of a felony. Thus, the court concluded that "where an accused commits a fourth degree felony causing physical harm he is *eligible* to be sentenced pursuant to R.C. 2929.11(B)(7). However, R.C. 2941.143, as relevant here, prescribes that, before one may be sentenced to the term of [indefinite] incarceration provided in R.C. 2929.11(B)(7), the indictment must have contained a specification stating that the accused caused physical harm in the course of committing a fourth degree felony." (Emphasis *sic.*) *Id.* at 425, 596 N.E.2d at 454.

The court's initial focus in *Witwer* was whether the defendant had notice of the harm specification. The court further stated that the specification must charge "that the accused caused physical harm to a person while *committing the underlying felony.*" (Emphasis added.) *Id.* at 426, 596 N.E.2d at 455. If *no* harm was threatened or caused, or no specification so charged, the court only then must impose a definite sentence. Here, the indictment charged the harm specification, and the jury found that the appellee threatened physical harm, satisfying both requirements of *Witwer*.

Further, footnote two of *Witwer* clarifies that there is no requirement that the felony itself cause or threaten the harm: "Our discussion herein is limited to the circumstances presented by the instant cause which authorize the imposition of the indefinite term of incarceration provided by R.C. 2929.11(B)(7) (*i.e.,* commis-

sion of a fourth degree felony which causes physical harm). In the interests of clarity, we have omitted reference to the *alternate circumstances under which imposition of the indefinite term is permitted (e.g.,* the actual threat of physical harm with a deadly weapon)." (Emphasis added.) *Id.* at 424, 596 N.E.2d at 454.

Thus, *Witwer* does not establish a requirement for the underlying felony *itself* to cause or threaten physical harm. Moreover, we find that *Witwer* can be distinguished on its facts. In *Witwer,* the underlying offense was vehicular homicide. Thus, physical harm was *inherent* in the underlying offense. *Witwer* specifically limits its holding to such cases.

Here, the underlying offense is drug abuse, which does not inherently include physical harm or a threat of physical harm. The appellee was committing the felony of drug abuse at the time he threatened Detective Scarpelli with a firearm. The *drug abuse* did not cause the detective to be threatened with physical harm. Thus, the appellee did not commit a felony which *caused* physical harm or *caused* Detective Scarpelli to be threatened with physical harm. Rather, the appellee threatened harm to Detective Scarpelli *during the commission of the offense, i.e.,* while the appellee was abusing or possessing drugs.

Turning to former R.C. 2941.143, there is no requirement that the felony itself be the cause of the harm or threat. Rather, the statute merely requires that the offender cause or threaten physical harm *during* the commission of the felony. In the case at bar, the appellee threatened physical harm to Detective Scarpelli during the commission of the felony of drug abuse. Therefore, we hold that the specification of physical harm or threat of physical harm of former R.C. 2941.143 is satisfied when the defendant causes or threatens physical harm *during* the commission of a felony. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court to reinstate the original sentence.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents and would dismiss the appeal as improvidently allowed.