OPINION
Defendant-Appellant Darrell Keith Chatman was convicted on three counts of trafficking in cocaine in violation of R.C. § 2925.03(A) on October 6, 1998, following his plea of no contest. Two of the offenses, identified as counts one and two in the indictment, were felonies of the fifth degree under R.C. § 2925.03(C)(4)(a), and one, count five in the indictment, was a felony in the second degree under R.C. § 2925.03(C)(4)(3). Counts three and four of the indictment which also charged Chatman with violations of R.C. § 2925.03(A) were nolled pursuant to a plea agreement. Chatman was sentenced to one year of imprisonment on each of counts one and two and two years of imprisonment on count five, to be served concurrently. This appeal concerns only Chatman's conviction on count five. The record reflects that on July 29, 1998, Detective Barnett of the Dayton Police Department arranged by phone to meet Chatman in a parking lot at 94 Benning Place in Dayton, Ohio. The two planned a drug deal consisting of Chatman selling twenty-eight grams of crack cocaine to Barnett for $950. At the parking lot, Chatman produced a plastic bag that appeared to contain crack cocaine. Barnett weighed the crack, paid Chatman the $950, and Chatman was immediately arrested by other officers. After being placed in a police cruiser and read his Miranda rights, Chatman stated that "what the white guy got was fleece." Chatman was then transported to the Montgomery County Jail and charged as noted above.
A field test disclosed that the substance in the plastic bag was not crack cocaine. This finding was confirmed by the lab results from the Montgomery County Crime Lab which indicated the substance contained no drugs.
On October 1, 1998, Chatman appeared in the Common Pleas Court of Montgomery County and entered no contest pleas to counts one, two, and five of the indictment. The trial court found him guilty beyond a reasonable doubt on those three counts and sentenced him as detailed above. After the termination entry was filed, Chatman filed his timely notice of appeal and now advances three assignments of error. First, Chatman claims his conviction under R.C. § 2925.03(A) was improper since the substance he sought to sell to Detective Barnett was "fleece," or counterfeit crack cocaine. Next, Chatman contends his sentence constitutes cruel and unusual punishment. Finally, he claims the trial court erred in finding that he knowingly offered to sell a controlled substance. Because our resolution of Chatman's first and third assigned errors disposes of his second, we address the former assignments of error first, then conclude with the latter.
 I.
Appellant was improperly charged and convicted with drug trafficking under Section 2925.03 of the Ohio Revised Code since the more specific provisions of Section 2925.37 of the Ohio Revised Code should have been applied to the facts of this case.
In his first assignment of error, Chatman claims he was improperly convicted of violating R.C. § 2925.03(A) because that provision is in irreconcilable conflict with the more specific language of R.C. § 2925.37(B). Chatman contends that pursuant to R.C. § 1.51, the more specific provision prevails and that consequently he should have been charged under R.C. § 2925.37(B) instead of R.C. § 2925.03(A).
The three relevant provisions are as follows:
R.C. § 1.51:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
R.C. § 2925.03(A):
 No person shall knowingly sell or offer to sell a controlled substance.
R.C. § 2925.37(B):
 No person shall knowingly make, sell, offer to sell, or deliver any substance that the person knows is a counterfeit controlled substance.
In his argument, Chatman suggests that our decision in Statev. Bazzy (1993), 86 Ohio App.3d 546, is the only obstacle to his success on this assignment of error, and he implicitly urges us to reconsider our decision in that case. In Bazzy, however, we did not have occasion to view R.C. §§ 2925.03(A) and 2925.37(B) through the lens of R.C. § 1.51. Regardless, and as the State points out in its remarkably well-crafted brief, we have repeatedly and consistently rejected the precise argument advanced by Chatman in several previous cases. State v. Duette
(Apr. 20, 1993), Montgomery App. No. 13502, unreported; State v.Wilcoxson (June 25, 1991), Montgomery App. No. 12196, unreported; State v. Moreland (Feb. 14, 1991), Montgomery App. No. 12278, unreported; State v. Strozier (Sept. 21, 1990), Montgomery App. No. 12001, unreported. We are not alone. Statev. Milliner (1994), 98 Ohio App.3d 262; State v. Singer (June 3, 1993), Franklin App. Nos. 92AP-1248, 92 AP-1249, unreported. Furthermore, Chatman cites, and our research reveals, not one case from any court that has found the argument advanced to be persuasive.
The reasoning in the cases cited above was based on two Ohio Supreme Court cases; State v. Chippendale (1990), 52 Ohio St.3d 118, and State v. Mughni (1987), 33 Ohio St.3d 65. InChippendale, the court limited the application of R.C. § 1.51 by stating that it "comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime." Chippendale, supra at 120. InMughni, the court held that knowingly offering to sell a controlled substance and knowingly selling or offering to sell a counterfeit controlled substance were not allied offenses of similar import. Mughni, supra at 68. The court's holdings in these cases are conclusive of the question put before us by Chatman in this assignment of error. We are not at liberty to reject or disregard the Ohio Supreme Court's findings inChippendale or Mughni, nor do we harbor any reservations about following those or our previous cases involving this issue.
For the reasons stated, we find Chatman's first assignment of error to be meritless, and it is accordingly overruled.
 II.
Defendant-Appellant Chatman's conviction was erroneous in that he did not knowingly sell a controlled substance and in fact did not sell a controlled substance at all.
 In his third assignment of error, Chatman claims he was erroneously convicted of offering to sell a controlled substance since it was his intent all along to sell "fleece."
As noted above, R.C. § 2925.03(A), under which Chatman was convicted, makes it a crime to offer to sell a controlled substance. Chatman apparently believes that whether a defendant who knows the product he is offering to sell is "fleece" can be found to have knowingly offered to sell a controlled substance is a question still open to some debate. That issue, however, was laid to rest by State v. Scott (1982), 69 Ohio St.2d 439, and its companion case, State v. Patterson (1982), 69 Ohio St.2d 445, wherein the Supreme Court of Ohio stated unequivocally that if the seller, in offering his product for sale, purports it to be a controlled substance, then he or she has knowingly offered for sale a controlled substance in spite of the fact that the seller knows the product is counterfeit or fake. Scott, supra at 440-41;Patterson, supra at 447. See also Milliner, supra; State v. Lee
(1994), 97 Ohio App.3d 197; Bazzy, supra; State v. Pouge (Dec. 18, 1997), Cuyahoga App. No. 72187, unreported; State v. Council (Dec. 26, 1995), Franklin App. No. 95APA05-562, unreported; State v.Thrasher (Nov. 1, 1995), Hamilton App. No. C-950064, unreported;State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168, unreported; State v. Petrey (Aug. 23, 1994), Montgomery App. No. 13787, unreported; State v. Tolliver (June 10, 1994), Montgomery App. No. 14025, unreported; Singer, supra; Duette, supra;Wilcoxson, supra; State v. Smith (May 29, 1991), Montgomery App. No. 12197, unreported; Moreland, supra; and Strozier, supra; Statev. George (Mar. 13, 1989), Clinton App. No. CA88-06-010, unreported. Furthermore, the argument that one must have a subjective intent to sell a controlled substance to be convicted under R.C. § 2925.03 has been rejected. State v. Mosley (1977),55 Ohio App.2d 178; State v. Jones (Mar. 1, 1996), Montgomery App. No. 15110, unreported, reversed on other grounds, (1997) 79 Ohio St.3d 324;Wyatt, supra; State v. Stanik (Dec. 2, 1993), Cuyahoga App. No. 63963, unreported; State v. Sandlin (Sept. 30, 1988), Warren App. No. CA87-12-107, unreported. While Chatman steadfastly refuses to accept this reality, we are nevertheless bound by it, and quite comfortably so.
Chatman's third assignment of error is overruled.
 II.
The application of Section 2925.03 of the Ohio Revised Code to the facts of this case constitutes cruel and unusual punishment.
In his second assignment of error, Chatman claims his sentence is cruel and unusual because he is being punished as if the transaction he engaged in with Detective Barnett had involved an actual controlled substance, which it did not. He does not contend his sentence, which we note was the minimum allowable under the law, was disproportionate to the offense of which he was convicted or in any other way violative of theEighth Amendment of the United States Constitution. Instead, he argues that "[i]t is, without question, cruel and unusual punishment to subject individuals convicted of selling acknowledged counterfeit controlled substances to the same punishment as individuals who are convicted of selling actual controlled substances." Since we found above that Chatman was appropriately charged and convicted under R.C. § 2925.03(A), his argument that he has been subjected to cruel and unusual punishment as a result of being convicted under the wrong statute fails.
At one point in his argument, Chatman accuses the Ohio Supreme Court of circumventing the question he raises in this assignment of error by failing to address the issue of the weight of the substances offered for sale in Scott, supra. Without more, we are uncertain as to what Chatman means by this statement. Suffice it to say that the supreme court found it unnecessary to address this "issue." In addition, the relevance of the weight of the crack cocaine, authentic or counterfeit, Chatham offered to sell is not clear since it was never in dispute, and the statute contemplates the weight of the controlled substance sought to be sold only as it relates to the relative seriousness of the offense. Chatman does not claim his conviction was erroneous because he was charged with offering to sell an amount of crack cocaine that was either more or less than the amount of "fleece" he possessed when he met with Detective Barnett. Therefore, we are at a loss as to what "issue" Chatman believes is at stake here that the supreme court allegedly circumvented in Scott.
We find Chatman's arguments to be unavailing, and his second assignment of error is accordingly overruled.
Having found each of Chatman's three assignments of error to be meritless, we affirm the judgment of the trial court.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Kirsten A. Davies
David J. Fierst
Hon. Barbara P. Gorman