The STATE of Ohio, Appellee,

v.

BYRD, Appellant.

[Cite as *State v. Byrd* (1993), 86 Ohio App.3d 679.]

Court of Appeals of Ohio,
Greene County.

No. 91–CA–99.

Decided March 12, 1993.

*William F. Schenck, Jr.,* Greene County Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*Thomas L. Whiteside,* for appellant.

FAIN, Judge.

Defendant-appellant Steven Byrd appeals from his convictions and sentences for theft by deception and for aggravated trafficking. Byrd contends that he could not have properly been sentenced upon both offenses because they were required to be merged under R.C. 2941.25; that there was insufficient evidence to sustain his conviction for aggravated trafficking; and that the sentence imposed was in excess of the sentence permitted by statute.

The state has confessed error with respect to the sentence, but contests Byrd's other assignments of error.

We conclude that Byrd's merger argument is controlled by *State v. Mughni* (1987), 33 Ohio St.3d 65, 514 N.E.2d 870, which we reluctantly follow. We further conclude that there is sufficient evidence in the record to sustain the aggravated trafficking conviction. Finally, we agree with the state's confession of error with respect to the sentence. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for resentencing in accordance with this opinion.

I

An undercover police officer approached Byrd through a confidential informant for the purpose of making a controlled purchase of a half-ounce of cocaine. The conversation between the police officer and Byrd was tape recorded, and the tape recording has been admitted in evidence. The police officer, Lee Miley, testified at trial.

We have reviewed the tape recording, and there appears to have been a unequivocal offer to sell a half-ounce of cocaine for $700. There was an argument, however, about whether the money was going to paid in advance of the receipt of the cocaine. Miley eventually gave Byrd $350, with an assurance that the balance of the purchase price would be forthcoming upon Miley's receipt of the cocaine. Byrd did not unequivocally assure Miley that this arrangement would be satisfactory, but he left with the $350 upon the understanding that he would see whether this would be satisfactory to his supplier.

In fact, Byrd absconded with the $350, apparently never intending to deliver cocaine.

Byrd was arrested and charged with theft by deception and aggravated trafficking. Byrd was convicted of both offenses. He was sentenced to eighteen months on the theft by deception charge, and to not less than eight years nor more than twenty-five years on the aggravated trafficking, the sentences to be served concurrently. From his convictions and sentences, Byrd appeals.

## II

Byrd's first assignment of error is as follows:

"The trial court erred as a matter of law in not granting appellant's Criminal Rule 29 motion at the close of the state's case dismissing the offense of aggravated trafficking, R.C. Section 2925.03(A)(5)."

Essentially, Byrd contends that the theft by deception and the aggravated trafficking offenses should have been merged, pursuant to R.C. 2941.25, because, given the proof offered by the state, there was no way that Byrd could have been guilty of theft by deception without having committed the offense of aggravated trafficking.

In *State v. Mughni,* the Supreme Court laid out the test for merger pursuant to R.C. 2941.25, as follows:

"In determining whether two offenses are allied under R.C. 2941.25, this court has employed a two-step analysis. The first step requires a comparison of the elements with which the defendant is charged, for the purpose of discovering whether the elements of both offenses correspond to such a degree that the commission of one offense will result in the commission of the other. If so, they are allied offenses of similar import. If the court so finds, it must proceed to the second step, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. If so, the defendant may be convicted of both." (Citations omitted.) *Id.,* 33 Ohio St.3d at 67, 514 N.E.2d at 872.

In *Dayton v. McLaughlin* (1988), 50 Ohio App.3d 69, 552 N.E.2d 965, this court held that in determining whether the elements of two offenses correspond to such a degree that the commission of one offense will result in commission of the other, the elements of the offenses should not be viewed abstractly, but should be viewed with reference to the facts of the particular case. *Id.,* at paragraph five of the syllabus. See, also, *State v. Torres* (1986), 31 Ohio App.3d 118, 508 N.E.2d 970.

In the case before us, Byrd makes a compelling argument that given the proof offered by the state, he could not have committed the offense of theft by deception without having committed the offense of aggravated trafficking. Byrd argues that the deception by which he allegedly stole the $350 was his fraudulent promise to deliver cocaine. The instant that this offer escaped Byrd's lips, he was guilty of offering to sell a controlled substance, which is the version of aggravated trafficking with which he was charged.

We would be inclined to agree with Byrd, but for *State v. Mughni.* In that case, the Supreme Court held that the offenses of offering to sell a controlled

substance and knowingly selling or offering to sell an unknown substance purported to be a controlled substance were not subject to merger under R.C. 2941.25. The Supreme Court's analysis in that case is as follows:

"Thus, our first task is to compare the elements of the offenses with which appellant was charged. The first count, under R.C. 2925.03(A)(1), charged that appellant ' * * * knowingly did sell or offer to sell a * * * controlled substance * * * to-wit; Percodan * * *.' Appellant was also charged, under R.C. 2925.37, with ' * * * knowingly * * * sell[ing] or offer[ing] to sell an unknown substance purported to be a * * * controlled substance; to-wit; Percodan * * *, knowing the same to be a counterfeit controlled substance * * *.' Our comparison of these offenses and their elements leads us to conclude that they do not correspond 'to such a degree that [the] commission of the one offense will result in the commission of the other.' [Citation omitted.]

"When appellant knowingly offered to sell Percodan, a controlled substance, his offense was complete under R.C. 2925.03(A)(1). [Citation omitted.] There need be no additional proof that appellant knew that the substance he was offering was not Percodan or that it was actually a counterfeit controlled substance. Proof of such knowledge and of the counterfeit character of the substance offered *is* necessary for a conviction under R.C. 2925.37(B). Thus, commission of the first offense will not necessarily result in commission of the second offense. The offenses are, therefore, not allied, and appellant may be convicted of both." (Citation omitted and emphasis *sic*.) *State v. Mughni, supra,* 33 Ohio St.3d at 67–68, 514 N.E.2d at 872–873.

We are not persuaded of the correctness of *State v. Mughni*. It is true that commission of the offense of offering to sell a controlled substance did not necessarily result in commission of the offense of offering to sell an unknown substance purported to be a controlled substance knowing the same to be a counterfeit controlled substance; however, it seems to us that the commission of the latter offense necessarily included the commission of the former offense. In other words, one could not offer to sell an unknown substance purported to be a controlled substance (knowing the same to be a counterfeit controlled substance) without being guilty of having offered to sell a controlled substance.

Although the logic of *State v. Mughni* is suspect, we cannot distinguish it from the circumstances of the case before us. In the case before us, Byrd's offer to sell cocaine was a completed offense as soon as the words escaped his mouth. However, the theft by deception required more: that offense required that Byrd obtain and abscond with the $350, with no intention of delivering the goods.

As in *State v. Mughni*, it would seem that before Byrd could have committed the offense of theft by deception, he necessarily committed the offense of aggravated trafficking, since the deception he used was an insincere offer to sell a

controlled substance. However, that did not satisfy the Supreme Court in *State v. Mughni*, and we cannot distinguish this case from that one.

Accordingly, we reluctantly conclude that Byrd's first assignment of error must be overruled. In reaching this conclusion, we would encourage the Ohio Supreme Court to accept this case for review and to reconsider its reasoning expressed in *State v. Mughni*.

### III

Byrd's second assignment of error is as follows:

"The jury verdict is against the manifest weight of the evidence in that the essential elements of the offense of aggravated trafficking in drugs had not been established beyond a reasonable doubt."

■ Byrd points to the argument that ensued over whether the payment would precede the delivery of the cocaine as depriving his offer to sell the cocaine of its unconditional character. At most, the argument about the mechanics of the transaction might make the acceptance of Byrd's offer equivocal. We have listened to the tape recording, and we are satisfied that Byrd, during the course of the argument, made an unconditional offer to sell Miley one half-ounce of cocaine for $700. Whether that offer was ever unequivocally accepted is a nice question, but it is immaterial. There is evidence in the record from which the jury could find, beyond reasonable doubt, that Byrd made an unequivocal offer to sell Miley a half-ounce of cocaine for $700.

Byrd's second assignment of error is overruled.

### IV

Byrd's third assignment of error is as follows:

"The trial court abused its discretion by imposing a sentence without considering mitigating factors mandated by R.C. Section 2929.12."

The state confesses error in this regard. Byrd was sentenced to not less than eight nor more than twenty-five years of imprisonment for the aggravated trafficking offense. The state admits that this sentence is outside the permitted statutory range, since the highest minimum sentence that may be imposed for this offense is seven years. The state acknowledges that this case must be remanded to the trial court for resentencing, and we agree.

Byrd's third assignment of error is sustained.

V

Byrd's third assignment of error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is reversed, and this cause is remanded for resentencing in accordance with this opinion.

*Judgment reversed in part and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.