The STATE of Ohio, Appellee,

v.

GARRETT, Appellant.

[Cite as *State v. Garrett*, 149 Ohio App.3d 142, 2002-Ohio-4356.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2000-L-159.

Decided Aug. 23, 2002.

Charles E. Coulson, Lake County Prosecuting Attorney, and Brian L. Summers, Assistant Prosecuting Attorney, for appellee.

Dean K. Hegyes for appellant.

———

WILLIAM M. O'NEILL, Presiding Judge.

{¶ 1} Appellant, Joshua Garrett, appeals from the judgment entered by the Lake County Court of Common Pleas. A jury found Garrett guilty of complicity in trafficking in LSD, a fourth-degree felony, and complicity in trafficking in counterfeit controlled substances, also a fourth-degree felony.

{¶ 2} In March 2000, Garrett attended a party at the home of Jesse McKinney in Eastlake, Ohio. At some time in the evening, another guest at the party, Theresa Monateri, received a page from her ex-boyfriend, Jason Cavallaro. Theresa returned Jason's page. Jason inquired about where he could get some LSD, commonly known as acid, an illegal hallucinogenic drug. Theresa then handed the phone to two males at the party, who agreed to sell LSD to Jason and his friends.

{¶ 3} Jason Cavallaro, Patrick Cavallaro, and Tom Janz then went to McKinney's house to purchase the LSD. Upon arriving at the house, Jason, Patrick, and Tom were told to wait. About 10 to 15 minutes later, they went into a back bedroom. Garrett handed a cellophane bag to McKinney, who showed it to Jason and Tom. Jason believed the drugs were fake and decided to leave the residence.

{¶ 4} As they were leaving, Jesse McKinney stated that he smelled a "snitch." Comments were exchanged between Jason and his friends and Garrett and some of the others at the McKinney residence. Everyone went out onto the front lawn, where a brawl occurred. Jesse McKinney then fired two shots from his shotgun. Jason, Patrick, Tom, and Theresa drove away.

{¶ 5} Jesse McKinney was also charged with crimes resulting from these incidents. McKinney's pending appeal to this court is also decided today.[1]

{¶ 6} Garrett raises two assignments of error. His first assignment of error is:

{¶ 7} "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal pursuant to Crim.R. 29."

{¶ 8} A court must grant a motion for acquittal if the evidence presented is insufficient to sustain a conviction.[2] To determine if there is sufficient evidence,

---

1. *State v. McKinney,* 11th Dist. No. 2000–L–210, 2002–Ohio–4360, 2002 WL 1961229.

2. Crim.R. 29(A).

"[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[3]

{¶ 9}   Both charges against Garrett were complicity in a crime.   Complicity is codified in R.C. 2923.03, which states:

{¶ 10}   "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶ 11}   "(1) * * *

{¶ 12}   "(2) Aid or abet another in committing the offense[.]"

{¶ 13}   The first crime in which Garrett was charged with complicity was trafficking in a controlled substance in violation of R.C. 2925.03, which states:

{¶ 14}   "(A) No person shall knowingly sell or offer to sell a controlled substance.

{¶ 15}   "* * *

{¶ 16}   "(C) Whoever violates division (A) of this section is guilty of one of the following:

{¶ 17}   "* * *

{¶ 18}   "(5) If the drug involved in the violation is L.S.D. or a compound, mixture, preparation, or substance containing L.S.D., whoever violates division (A) of this section is guilty of trafficking in L.S.D. The penalty for the offense shall be determined as follows:

{¶ 19}   "* * *

{¶ 20}   "(b) Except as otherwise provided * * * if the offense was committed in the vicinity of a school, or in the vicinity of a juvenile, trafficking in L.S.D. is a felony of the fourth degree * * *."

{¶ 21}   There was sufficient evidence presented to convict Garrett of complicity in trafficking in a controlled substance.   There was testimony regarding the phone conversation where LSD was offered for sale.   Jason testified that Garrett handed a cellophane bag to McKinney, who offered the substance for sale.   The substance was held out to be LSD. There was testimony that there were to be five hits of LSD sold.   The offer of the sale of the LSD took place in the McKinney residence, which Detective Robert Eden of the Eastlake Police Department testified is 655 feet from the property line of Washington Elementary School.

---

3.   *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 22}  There is an issue in this case as to whether the substance held out to be LSD was actually LSD, or a counterfeit substance.  For the purposes of a conviction under R.C. 2925.03, it does not matter.  This court has held that "one who knowingly offers what purports to be a controlled substance has committed the offense of aggravated trafficking." [4]

{¶ 23}  As there was sufficient evidence presented relating to the charge of complicity in trafficking in a controlled substance, the trial court did not err in denying Garrett's motion for acquittal relating to this charge.

■ {¶ 24}  The second crime in which Garrett was charged with complicity was trafficking in counterfeit controlled substances in violation of R.C. 2925.37, which states:

{¶ 25}  "(A) No person shall possess any counterfeit controlled substance.

{¶ 26}  "(B) No person shall knowingly make, sell, offer to sell, or deliver any substance that person knows is a counterfeit controlled substance."

{¶ 27}  There is a different standard for a conviction for trafficking in counterfeit controlled substances than there is for trafficking in controlled substances. This distinction was noted in *State v. Lee*, wherein this court quoted the Supreme Court of Ohio:

{¶ 28}  " 'When appellant knowingly offered to sell Percodan, a controlled substance, his offense was complete under R.C. 2925.03(A)(1).  There need be no additional proof that appellant knew that the substance he was offering was not Percodan or that it was actually a counterfeit controlled substance.  Proof of such knowledge and of the counterfeit character of the substance offered *is* necessary for a conviction under R.C. 2925.37(B).  Thus, commission of the first offense will not necessarily result in commission of the second offense.  The offenses are, therefore, not allied, and appellant may be convicted of both.'  (Emphasis *sic.*)" [5]

{¶ 29}  For a conviction under R.C. 2925.37(B), the state was required to prove that the substance involved in the proposed sale was a counterfeit controlled substance.  The state failed to do this.  The allegedly counterfeit LSD was not offered into evidence.  No expert witness testified regarding any tests that would have established that the substance was counterfeit.  The only testimony presented was that of lay witnesses who merely looked at the substance and identified it as counterfeit LSD.

---

4.  *State v. Lee* (1994), 97 Ohio App.3d 197, 200, 646 N.E.2d 508.

5.  (Citation omitted.)  Id. at 201, 646 N.E.2d 508, quoting *State v. Mughni* (1987), 33 Ohio St.3d 65, 67–68, 514 N.E.2d 870.

{¶ 30}    The Supreme Court of Ohio has recently held that lay persons can express their opinions as to the identification of a controlled substance if a proper foundation is laid.[6]  *McKee* involved a lay person identifying marijuana.

{¶ 31}    The case sub judice can be distinguished from *McKee*.  LSD is lysergic acid diethylamide.[7]  Tom Janz testified that there are different kinds of acid.

{¶ 32}    Lay witnesses testified that the offered substance was fake LSD. Jason testified that he had previously taken LSD and that the substance he was offered was not LSD. He was able to make this determination merely by looking at the substance, without holding it or unwrapping it from the cellophane.

{¶ 33}    Robin Robbins described the substance as white powder, resembling crushed aspirin.  She testified that she does not know what acid looks like, but knows what crushed aspirin looks like, because she had to give crushed aspirin to her cousins.

{¶ 34}    This case can be distinguished from *McKee* in that *McKee* involved a lay witness identifying marijuana, which has a distinct color and odor, while the lay witnesses in this case were saying that the substance offered as LSD did not contain the drug LSD itself to make it real acid.  Identifying a substance as counterfeit LSD merely by looking at it from a distance is not enough to establish that it is counterfeit.

{¶ 35}    There was not sufficient evidence that the substance offered for sale was counterfeit LSD. Therefore, the trial court erred by not granting Garrett's motion for acquittal on complicity in trafficking in a counterfeit controlled substance.

{¶ 36}    Garrett's second assignment of error is:

{¶ 37}    "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."

{¶ 38}    In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:

{¶ 39}    " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial

---

6.  *State v. McKee* (2001), 91 Ohio St.3d 292, 297, 744 N.E.2d 737.

7.  R.C. 2925.01(Y).

should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' "[8]

{¶ 40}   Regarding Garrett's conviction for complicity in trafficking in a controlled substance, the state provided sufficient evidence that, if believed by the jury, could justify a conviction.   We do not see this as a case where the jury clearly lost its way or created a manifest miscarriage of justice.

{¶ 41}   In regard to the conviction for complicity in trafficking in a controlled substance, Garrett's second assignment of error is without merit.

{¶ 42}   We now turn to Garrett's conviction for complicity in trafficking in counterfeit controlled substances.   Due to our holding in the previous assignment of error, this issue is moot.

{¶ 43}   The judgment of the trial court convicting Garrett of complicity in trafficking in LSD is affirmed.   The judgment of the trial court convicting Garrett of complicity in trafficking in counterfeit controlled substances is reversed.   This case is remanded to the trial court for resentencing.

Judgment reversed.

JUDITH A. CHRISTLEY and ROBERT A. NADER, JJ., concur.

8.   *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.