OPINION
{¶ 1} Appellant, William H. Sheffey, Jr. ("Sheffey"), appeals from a judgment entry of the Ashtabula County Court of Common Pleas sentencing him to serve a term of ten months in prison for his conviction on the charge of Trafficking in Marijuana, in violation of R.C. 2925.03, a felony of the fifth degree. For the following reasons, we affirm the decision of the court below.
 {¶ 2} In May 2002, Sheffey was employed by Goodwill Industries in Ashtabula, Ohio. On May 1 and 3, 2002, Sheffey approached his co-worker, Chris Lipinsky, and asked him if he wanted to buy a marijuana cigarette or a "joint." On May 2, 2002, Sheffey approached another co-worker, Matthew Snitcher, and asked him if he would like to buy some marijuana cigarettes. Sheffey also showed Snitcher the marijuana. Snitcher reported Sheffey's conduct to his supervisors at Goodwill Industries, Tina Wilson and Debbie Sieber. Sieber contacted the Ashtabula Police Department. Patrolman Chad Brown was dispatched to Goodwill Industries and arrested Sheffey. Patrolman Brown recovered thirteen marijuana cigarettes and fifty-one dollars in cash from a fanny pack worn by Sheffey at the time of his arrest.
 {¶ 3} On June 7, 2002, Sheffey was indicted by the Ashtabula County Grand Jury on one count of trafficking in marijuana with a specification for the forfeiture of the fifty-one dollars found on Sheffey at the time of his arrest. Sheffey was tried before a jury on October 1 and 2, 2002. The jury returned a verdict finding Sheffey guilty of trafficking in marijuana and finding that the fifty-one dollars was not subject to forfeiture. Contrary to the jury instructions given by the trial court, the jury also returned a verdict finding Sheffey guilty of the lesser included offense of possession of marijuana. On January 3, 2003, the trial court sentenced Sheffey to ten months in prison on the trafficking conviction. No sentence was entered on the conviction for possession of marijuana. From this judgment, Sheffey timely filed an appeal. Since sentence had not been entered on every offense for which Sheffey was found guilty, this court was without jurisdiction to hear the appeal. Crim.R. 32(C). We remanded the cause to the trial court to clarify its disposition of the possession charge. On April 4, 2004, the trial court directed a verdict of acquittal on the possession of marijuana charge. We now consider the merits of Sheffey's appeal.
 {¶ 4} Sheffey raises two assignments of error.
 {¶ 5} "[1.] The trial court erred when it accepted the jury's verdicts of guilty to trafficking in marijuana and possession of marijuana as it is absolutely clear that the jury ignored the jury instructions.
 {¶ 6} "[2.] The verdict of the jury was against the manifest weight of the evidence and the trial court erred to the prejudice of appellant when it accepted the jury's verdict of guilty to trafficking in marijuana."
 {¶ 7} To the extent that Sheffey argues under his first assignment of error that the trial court erred by accepting the jury's guilty verdicts for trafficking in and possession of marijuana, Sheffey's argument is rendered moot by the trial court's entering a verdict of acquittal on the possession charge on remand from this court.
 {¶ 8} Sheffey also argues under his first assignment of error that the jury's failure to follow the court's instructions taints his conviction for trafficking in marijuana. The trial court had instructed the jury to consider the charge of possession of marijuana only if it acquitted Sheffey of the trafficking charge. By returning convictions for both trafficking and possession, the jury violated the court's instructions. We disagree, however, that the jury's actions call into question the reliability of the trafficking conviction. The crime of possession is a lesser included offense of the crime of trafficking. State v.Robertson (Dec. 14, 1999), 7th Dist. No. 97 JE 41, 1999 Ohio App. LEXIS 6167, at *8 (citation omitted) ("Drug possession can be a lesser included offense of trafficking as trafficking necessarily requires possession."). It is impossible to commit the crime of trafficking without also committing the crime of possession. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus (stating that the greater offense cannot be committed without the lesser offense also being committed). If the jury properly found Sheffey guilty of trafficking, then it necessarily follows that he is guilty of possession. Under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, Sheffey cannot be convicted of or sentenced for both offenses, although he may have committed and been found guilty of both offenses. Brown v. Ohio (1977), 432 U.S. 161,164-166.
 {¶ 9} In Sheffey's second assignment of error, he challenges his conviction for trafficking. Since we find that there was adequate evidence to support Sheffey's conviction for trafficking, the jury was correct in finding that Sheffey was guilty of possession. As noted above, however, Sheffey could not be convicted or sentenced for possession under theFifth Amendment. Therefore, the fact that the jury found Sheffey guilty of possession does not taint the validity of his conviction for trafficking. Sheffey's first assignment of error is overruled.
 {¶ 10} Despite the wording of the second assignment of error, Sheffey argues that there is insufficient evidence to sustain his conviction for trafficking in marijuana. In order to convict Sheffey for trafficking in marijuana, the state bore the burden of proving that Sheffey did "knowingly * * * [s]ell or offer to sell a controlled substance." R.C. 2925.03(A)(1).[1]
 {¶ 11} "Sufficiency" is "a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990), 1433. Weight of the evidence, by contrast, involves "the inclination of the greater amount ofcredible evidence." Id. at 387 (emphasis sic) (citation omitted). An appellate court considering whether a verdict is against the manifest weight of the evidence must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id. at 386. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 12} Sheffey argues that his actions, as testified to by Lipinsky and Snitcher at trial, do not constitute an "offer to sell" marijuana. At trial, Lipinsky testified that on May 1, 2002, Sheffey "approached me * * * and asked me if I would like to buy a joint, a marijuana cigarette." Lipinsky also testified that on May 3, 2002, Sheffey "approached me again and asked me the second time if I would like to buy a joint or marijuana cigarette from him." Snitcher testified at trial that Sheffey "came up to me and asked me if I would like to buy some marijuana cigarettes * * * [a]nd he pulled them out of his pocket and showed me them." Sheffey maintains that his actions, at most, are a "preliminary inquiry" rather than an actual "offer" to enter into a transaction to sell marijuana. We disagree.
 {¶ 13} This court has previously considered the phrase "offer to sell" within the context of R.C. 2925.03(A)(1). Following the analysis of the Second District Court of Appeals, we held that "for purposes of R.C. 2925.03(A), the phrase, `offer to sell a controlled substance,' simply means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection. Furthermore, the issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by examining the totality of the circumstances, including `the dialogue and course of conduct of the accused.' [State v.]Patterson [(1982), 69 Ohio St.2d 445,] 447 [23 O.O.3d 394, 395], 432 N.E.2d 802 [803-804]." State v. Henton (1997),121 Ohio App.3d 501, 510, quoting State v. Burton (Mar. 31, 1995), 2nd Dist. No. 94-CA-13, 1995 Ohio App. LEXIS 1237, at *6.
 {¶ 14} In the present case, we hold that Sheffey's question to Lipinsky and Snitcher whether they would like to buy marijuana is legally sufficient and of substantial weight to prove, beyond a reasonable doubt, Sheffey's declared willingness to sell a controlled substance. Our conclusion is also supported by the fact that Sheffey produced the marijuana for Snitcher's acceptance or rejection. Sheffey's second assignment of error is meritless.
 {¶ 15} For the foregoing reasons, the decision of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
Ford, P.J., and Rice, J., concur.
[1] Marijuana is a schedule I controlled substance. R.C.3719.41(C)(19).