OPINION
{¶ 1} Appellant, Shaun M. Keen ("Keen"), appeals from the February 27, 2004 judgment entry of the Ashtabula County Common Pleas Court, in which he was sentenced for aggravated trafficking in drugs.
 {¶ 2} On April 25, 2003, Keen was indicted by the Ashtabula County Grand Jury on one count of aggravated trafficking in drugs (Oxycodone), a felony of the third degree, in violation of R.C. 2925.03 and2925.03(C)(1)(b). Keen entered a plea of not guilty.
 {¶ 3} A jury trial commenced on January 13, 2004. At the close of the state's case, the trial court partially granted Keen's motion under Crim. R. 29, and dismissed the criminal enhancements set forth in the original charge under R.C. 2925.03(C)(1)(b). The jury returned a verdict of guilty on the reduced charge of aggravated trafficking, a felony of the fourth degree, on January 14, 2004.
 {¶ 4} The relevant facts revealed at the trial are as follows. On October 10, 2002, Detective Scott Daniels of the Ashtabula County Sheriff's Department, a member of the Trumbull, Ashtabula, and Geauga County Law Enforcement Task Force ("TAG"), employed the services of a confidential informant to conduct a controlled drug buy at Keen's residence in Ashtabula. Upon entering the premises, the informant, equipped with a radio transmitter, purchased thirty-five Percocet tablets from Keen. The Percocet pills were taken into custody and Keen was arrested.
 {¶ 5} Pursuant to its February 27, 2004 judgment entry, the trial court sentenced Keen to two years of community control with conditions, and suspended his driver's license for a period of six months. It is from that judgment that Keen filed a timely notice of appeal and makes the following sole assignment of error:
 {¶ 6} "The trial court erred in instructing the jury regarding the mens rea element of aggravated trafficking in Oxycodone."
 {¶ 7} A decision of whether jury instructions are proper rests within the discretion of the trial court. State v. Stewart, 11th Dist No. 2000-L-170; 2003-Ohio-62, at ¶ 16. A reviewing court must determine whether the trial court abused its discretion in its instructions to the jury. "The term `abuse of discretion' (* * *) connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. (* * *), State v. Adams
(1980), 62 Ohio St.2d 151, 157, * * *." (Parallel citations omitted.)State v. Montgomery (1990), 61 Ohio St.3d 410, 413. "An appellate court will not reverse a trial court's decision to give a particular jury instruction absent an abuse of discretion." State v. Johnson, 11th Dist. No. 2001-A-0043, 2002-Ohio-6570, at ¶ 24, citing State v. Huckabee
(Mar. 9, 2001), 11th Dist. No. 99-G-2252, 2001 Ohio App. LEXIS 1122, at 18.
 {¶ 8} We stated in State v. Kirin (Aug. 11, 2000), 11th Dist. No. 99-T-0054, 2000 Ohio App. LEXIS 3661, at 7-8, that: "[j]ury instructions should contain plain, unambiguous statements of the law applicable to the case and evidence presented to the jury. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12 * * *. The jury instructions provided by the trial court must be confined to the issues raised by the pleadings and the evidence. Becker v. Lake Cty. Mem. Hosp. W. (1990), 53 Ohio St.3d 202[.]"
 {¶ 9} In the instant matter, Keen was charged with aggravated trafficking in drugs, pursuant to R.C. 2925.03(A) and 2925.03(C)(1).
 {¶ 10} R.C. 2925.03(A) defines the crime of drug trafficking, stating that "no person shall knowingly * * * sell or offer to sell a controlled substance." R.C. 2925.03(C)(1) states that if the controlled substance involved is a "Schedule I" or "Schedule II" drug other than marijuana, cocaine, LSD, heroin, and hashish, one who violates R.C. 2925.03(A) is guilty of aggravated drug trafficking. Percocet contains Oxycodone, a "Schedule II" drug. R.C. 3719.41.
 {¶ 11} In the case sub judice, the trial court provided statutory instructions to the jury regarding the elements of the charge, in pertinent part as follows:
 {¶ 12} "Under Count One, before you can find the defendant, [Keen], guilty of aggravated trafficking in drugs, you must find beyond a reasonable doubt that:
 {¶ 13} "On or about October 10, 2002, * * * in Ashtabula County, Ohio * * * the defendant, [Keen], did knowingly; * * * sell or offer to sell; * * * Oxycodone, a schedule II controlled substance. * * * A person acts knowingly regardless of [his] purpose when [he] is aware that [his] conduct will probably cause a certain result or [he] is aware that [his] conduct will probably be of a certain nature. A person has knowledge of circumstances when [he] is aware that such circumstances exist. Knowingly means that a person is aware of the existence of the facts and that [his] acts will probably cause a certain result or be of a certain nature. Since you cannot look into the mind of another, common knowledge is determined from all the facts and evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness or belief that [he] was to sell or offer to sell tablets named Percocet containing Oxycodone."
 {¶ 14} In his sole assignment of error, Keen contends that because he purportedly did not know that Percocet contains the controlled substance of Oxycodone, he could not have "knowingly" sold or offered to sell a controlled substance.[1] Keen asserts that the trial court erred by failing to instruct the jury that it could convict him of aggravated trafficking in Oxycodone under R.C. 2925.03, only if it was proven that he had knowledge that percocet contains a controlled substance (Oxycodone) in its ingredients. We disagree.
 {¶ 15} In Ohio, courts have held that to be convicted under R.C. 2925.03, it is not required that the defendant have knowledge of the underlying nature of the controlled substance. In State v. Mughni
(1987), 33 Ohio St.3d 65, 67-68, the Supreme Court of Ohio in the course of its opinion stated "[w]hen appellant knowingly offered to sell percodan, a controlled substance, his offense was complete, under 2925.03(A)(1)." See, also, State v. Patterson (1982), 69 Ohio St.2d 445,447, (the culpable state of "knowingly" relates to the act of the offering); State v. Lee (1994), 97 Ohio App.3d 197, (holding that the state was only required to prove that the defendant knowingly offered to sell cocaine, a controlled substance, it was not required to prove the defendant's knowledge of its actual identity).
 {¶ 16} Thus, under R.C. 2929.03, the culpable state of mind is "knowingly" and it must exist at the time of the sale or offering to sell a controlled substance. "Knowingly" is an adverb that modifies the verb "offer." It is clear that a culpable mental state must exist with respect to the act of selling or offering to sell. However, one's understanding of the nature of a substance does not necessarily determine whether he or she knowingly offered to sell a controlled substance. "[T]he issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by examining the totality of the circumstances, including `the dialogue and course of conduct of the accused.' * * *." (Citation omitted.) State v. Sheffey, 11th Dist. No. 2003-A-0011, 2004-Ohio-2204, at ¶ 13, quoting State v. Henton
(1997), 121 Ohio App.3d 501, 510.
 {¶ 17} The Supreme Court of Ohio has stated: "We will not read the additional element of knowledge of the nature of the substance into R.C. 2925.03(A)(1), (5) or (7)." Patterson at 447.
 {¶ 18} We further note that nothing in the statute indicates to us that the General Assembly intended such an interpretation or result.[2]
Rather, "R.C. 2925.03 demonstrates a clear legislative intent to define commerce in controlled substances as criminal." State v. Scott (1982),69 Ohio St.2d 439, 440.
 {¶ 19} Based upon the foregoing, we find that the trial court did not abuse its discretion in instructing the jury as to the culpable state of mind for aggravated drug trafficking in Oxycodone. Keen's sole assignment of error is without merit.
 {¶ 20} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'Neill, J., Cynthia Westcott Rice, J., concur.
[1] In his appeal, Keen does not dispute that Percocet contains Oxycodone; a schedule II controlled substance under R.C. 3719.41.
[2] Compare to R.C. 2925.37(B), which states "no person shall knowingly make, sell, offer to sell, or deliver any substance that he knows is acounterfeit controlled substance". (Emphasis added.)