[Cite as *State v. Stover*, 2016-Ohio-1361.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-041** |
| ISAAC STOVER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 14 CR 000651.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker*, 38109 Euclid Avenue, Willoughby, OH 44094. (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Issac Stover, appeals from the March 24, 2015 judgment of the Lake County Court of Common Pleas convicting him of one count of trafficking in heroin, following a jury trial. Based on the following, we affirm the judgment of the lower court.

{¶2} Mr. Stover was indicted by the Lake County Grand Jury on one count of trafficking in heroin with two forfeiture specifications, a felony of the fifth degree, in

violation of R.C 2925.03(A)(1). Mr. Stover pled not guilty, and a jury trial commenced. The following facts were adduced at trial.

{¶3} Michael Spang, a confidential informant working for the Wickliffe Police Department, testified that he engaged in a controlled buy of heroin. Spang testified the controlled buy was set up over the course of various text messages and four phone calls with "Rob," the dealer, which were admitted into evidence. They agreed to meet at a parking lot of Gabriel Brothers, a store located in Wickliffe, Lake County, Ohio.

{¶4} In the parking lot, Spang approached a blue Hyundai Sonata. He went to the back door where appellant was sitting. An individual in the front of the vehicle gave appellant a rolled-up lottery ticket, which he then gave to Spang. Spang gave the buy money to appellant, who then handed it to the same individual in the front seat.

{¶5} After the controlled buy, Spang walked to the other side of the building where he met Detective Dan Moreland of the Wickliffe Police Department. The two officers opened the lottery ticket and observed two tan/brown rocks. While both audio and visual recordings were conducted throughout the trade, Spang was unable to identify the individual in the car with whom he was speaking. Additionally, none of the individuals in the vehicle indentified themselves to Spang.

{¶6} Detective Don Dondrea of the Wickliffe Police Department testified he was assigned to conduct surveillance during the buy. Detective Dondrea testified that he sat in an unmarked police car located across the street from Gabriel Brothers. The vehicle in question was a blue Hyundai Sonata, which he observed entering and leaving the Gabriel Brothers parking lot. Upon leaving the parking lot, Detective Dondrea began to follow the vehicle. Detective Dondrea identified appellant as sitting in the rear of the

2

vehicle. A cell phone recovered from the vehicle was located in the front passenger door handle, later identified as the phone used to facilitate the drug transaction, and the marked money was found in the glove compartment.

{¶7} The jury also heard the testimony of Detective Dan Moreland of the Wickliffe Police Department. Detective Moreland searched both Spang and his vehicle for any narcotics prior to the controlled buy to avoid potential conflict. Nothing was found. Detective Moreland indicated that he observed the buy from his vehicle, and he testified to the same set of facts as Spang.

{¶8} The lottery ticket contained two tan/brown rocks, approximately 0.17 grams, which tested positive for heroin.

{¶9} The jury found appellant guilty of trafficking in heroin, in violation of R.C. 2925.03(A)(1). Appellant was sentenced to ten months in prison.

{¶10} On appeal, appellant assigns the following error:

> The trial court erred by failing to grant a judgment of acquittal pursuant to Crim.R. 29(A), on the charge of Trafficking in Heroin, and thereafter entering a judgment of conviction of that offense which was not supported by sufficient evidence, in derogation of Appellant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution.

{¶11} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the jury's verdict as a matter of law. *Kent v. Kinsey*, 11th Dist. Portage No. 2003-P-0056, 2004-Ohio-4699, ¶11, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. *State v. Schaffer*,

127 Ohio App.3d 501, 503 (11th Dist.1998), citing *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

**{¶12}** R.C. 2925.03(A)(1) sets forth the essential elements of trafficking in drugs: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]"

**{¶13}** Appellant argued, below and on appeal, that the term "knowingly" refers to the particular controlled substance appellant was charged with selling, i.e., heroin.[1] This court, however, has considered and rejected this argument. In *State v. Keen*, 11th Dist. Ashtabula No. 2004-A-0016, 2005-Ohio-4773, ¶15-18, we stated:

> In Ohio, courts have held that to be convicted under R.C. 2925.03, it is not required that the defendant have knowledge of the underlying nature of the controlled substance. In *State v. Mughni,* 33 Ohio St.3d 65, 67-68 (1987), the Supreme Court of Ohio in the course of its opinion stated 'when appellant knowingly offered to sell percodan, a controlled substance, his offense was complete, under 2925.03(A)(1).' *See, also*, *State v. Patterson*, 69 Ohio St.2d 445, 447 (1982), (the culpable state of 'knowingly' relates to the act of the offering); *State v. Lee*, 97 Ohio App.3d 197 (1994), (holding that the state was only required to prove that the defendant knowingly offered to sell cocaine, a controlled substance, it was not required to prove the defendant's knowledge of its actual identity).
>
> Thus, under R.C. 2929.03, the culpable state of mind is 'knowingly' and it must exist at the time of the sale or offering to sell a controlled substance. 'Knowingly' is an adverb that modifies the verb 'offer.' It is clear that a culpable mental state must exist with respect to the act of selling or offering to sell. However, one's understanding of the nature of a substance does not necessarily determine whether he or she knowingly offered to sell a controlled substance. 'The issue of whether a defendant has knowingly made an offer to sell a controlled substance in any given case must be determined by examining the totality of the circumstances, including "the dialogue and course of conduct of the accused." * * *.' (Citation

---

1. We note that during deliberation, the jury presented a written question inquiring as to whether the defendant had to know the substance was heroin. The judge returned the following answer: "For you to find the defendant guilty, you must find beyond a reasonable doubt that the defendant knowingly sold Heroin. The mental state of knowingly goes to both the 'sold' or 'sale' (or offer to sale) *and* to the Heroin. A person has knowledge of circumstances when he is aware that such circumstances probably (more likely than not) exist." (Emphasis added.)

omitted.) *State v. Sheffey*, 11th Dist. Ashtabula No. 2003-A-0011, 2004-Ohio-2204, at ¶13, quoting *State v. Henton*, 121 Ohio App.3d 501, 510 (1997).

The Supreme Court of Ohio has stated: 'We will not read the additional element of knowledge of the nature of the substance into R.C. 2925.03(A)(1), (5) or (7).' *Patterson* at 447.

We further note that nothing in the statute indicates to us that the General Assembly intended such an interpretation or result. Rather, 'R.C. 2925.03 demonstrates a clear legislative intent to define commerce in controlled substances as criminal.' *State v. Scott*, 69 Ohio St.2d 439, 440 (1982).

{¶14} Contrary to appellant's argument, the state was not required to prove beyond a reasonable doubt that appellant had knowledge he was selling heroin. Instead, the state was required to prove beyond a reasonable doubt that appellant knowingly sold or offered to sell what he knew to be a controlled substance. Here, the confidential informant testified that he approached the vehicle to make a controlled purchase of heroin. Appellant, sitting in the rear seat, took the heroin, which was rolled in a lottery ticket, from the individual sitting in the front and passed it to the confidential informant. In exchange for the package, the confidential informant gave appellant money, which was directly transferred by appellant to the individual sitting in the front. Regardless of whether the confidential informant could have obtained the heroin directly from the individual sitting in the front, appellant was a direct conduit to the transaction by handling the money and heroin. Additionally, we note that during his interrogation, appellant stated that if a transaction had occurred, "it was marijuana." Marijuana, like heroin, is a controlled substance and, thus, subject to penalty under R.C. 2925.03.

{¶15} As such, the state presented sufficient evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of R.C.

5

2925.03(A)(1), were proven. Thus, the trial court did not err in overruling appellant's Crim.R. 29 motion.

{¶16} Appellant's assignment of error is without merit.

{¶17} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.