THE STATE OF OHIO, APPELLEE, *v.* MUGHNI, APPELLANT.

[Cite as State *v.* Mughni (1987), 33 Ohio St. 3d 65.]

(No. 87-25—Decided November 4, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *L. Susan Laker,* for appellee.

*Randall M. Dana,* public defender, and *Wendie A. Gerus,* for appellant.

DOUGLAS, J. The instant appeal poses to this court a single question: Are the offenses of which appellant was convicted allied offenses of similar import, such that appellant's conviction of both counts was improper under R.C. 2941.25(A)? We answer this question in the negative.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Appellant was convicted of two offenses. The first was a violation of R.C. 2925.03(A), which provides:

"(A) No person shall knowingly do any of the following:

"(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount as defined in section 2925.01 of the Revised Code* * *."[1]

The second was a violation of R.C.

---

[1] At first glance, it might appear that appellant could not be convicted under R.C. 2925.03(A)(1), since the substance which he offered to sell was not in fact a controlled

2925.37, which states in pertinent part:

"(B) No person shall knowingly make, sell, offer to sell, or deliver any substance that he knows is a counterfeit controlled substance."[2]

In determining whether two offenses are allied under R.C. 2941.25, this court has employed a two-step analysis. The first step requires a comparison of the elements with which the defendant is charged, for the purpose of discovering whether the elements of both offenses correspond to such a degree that the commission of one offense will result in commission of the other. If so, they are allied offenses of similar import. If the court so finds, it must proceed to the second step, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. If so, the defendant may be convicted of both. *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 18 OBR 210, 480 N.E. 2d 439. See, also, *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 6 OBR 463, 453 N.E. 2d 593; *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 14 O.O. 3d 373, 397 N.E. 2d

1345. The defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act. *Logan, supra,* at 128-129, 14 O.O. 3d at 374-375, 397 N.E. 2d at 1348.

Thus, our first task is to compare the elements of the offenses with which appellant was charged. The first count, under R.C. 2925.03(A)(1), charged that appellant "* * * knowingly did sell or offer to sell a * * * controlled substance * * * to-wit; Percodan * * *." Appellant was also charged, under R.C. 2925.37, with "* * * knowingly * * * sell[ing] or offer[ing] to sell an unknown substance purported to be a * * * controlled substance, to-wit; Percodan * * *, knowing the same to be a counterfeit controlled substance * * *." Our comparison of these offenses and their elements leads us to conclude that they do not correspond "to such a degree that [the] commission of the one offense will result in the commission of the other." *Logan, supra,* at 128, 14 O.O. 3d at 374, 397 N.E. 2d at 1348.

When appellant knowingly offered

___

substance. However, he did "offer to sell a controlled substance," in that he offered to sell Percodan which is a controlled substance. The fact that the substance he was offering was not actually controlled is immaterial for purposes of a conviction under R.C. 2925.03(A)(1). *State* v. *Scott* (1982), 69 Ohio St. 2d 439, 23 O.O. 3d 390, 432 N.E. 2d 798; *State* v. *Patterson* (1982), 69 Ohio St. 2d 445, 23 O.O. 3d 394, 432 N.E. 2d 802.

[2] "Counterfeit controlled substance" is defined in R.C. 2925.01(P) as:

"(1) Any drug that bears, or whose container or label bears, a trademark, trade name, or other identifying mark used without authorization of the owner of rights to such trademark, trade name, or identifying mark;

"(2) Any unmarked or unlabeled substance that is represented to be a controlled substance manufactured, processed, packed, or distributed by a person other than the person that manufactured, processed, packed, or distributed it;

"(3) Any substance that is represented to be a controlled substance but is not a controlled substance or is a different controlled substance;

"(4) Any substance other than a controlled substance that a reasonable person would believe to be a controlled substance because of its similarity in shape, size, and color, or its markings, labeling, packaging, distribution, or the price for which it is sold or offered for sale."

to sell Percodan, a controlled substance, his offense was complete under R.C. 2925.03(A)(1). *State* v. *Scott* (1982), 69 Ohio St. 2d 439, 23 O.O. 3d 390, 432 N.E. 2d 798. There need be no additional proof that appellant knew that the substance he was offering was not Percodan or that it was actually a counterfeit controlled substance. Proof of such knowledge and of the counterfeit character of the substance offered *is* necessary for a conviction under R.C. 2925.37(B). Thus, commission of the first offense will not necessarily result in commission of the second offense. The offenses are, therefore, not allied, and appellant may be convicted of both. *Mitchell, supra.*

Having found that the offenses are not allied offenses of similar import, this court need not proceed to the second step of the analysis to ascertain whether they were committed separately or with a separate animus. This second step is only applicable where the offenses have been determined to be allied under the first step of the analysis. *Talley, supra,* at syllabus.

Accordingly, we hold that the offenses of knowingly selling or offering to sell a controlled substance, as proscribed by R.C. 2925.03(A)(1), and knowingly selling or offering to sell a counterfeit controlled substance, in violation of R.C. 2925.37(B), are not allied offenses of similar import.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.