DECISION AND JUDGMENT ENTRY
{¶ 1} After a Washington County jury found Marcus Kimbrough guilty of one count of complicity in trafficking in cocaine and one count of complicity in trafficking in a counterfeit controlled substance, the trial court imposed concurrent sentences on each conviction. These charges stemmed from an incident in which Kimbrough arranged a sale of a white powder substance, purported to be cocaine, between a third-party, Darran Wedington, Jr., and an undercover officer. Kimbrough contends that the State failed to produce sufficient evidence to prove all of the elements of the complicity in trafficking in a counterfeit controlled substance charge. We agree. Because the State failed to produce any evidence that Kimbrough knew that the substance sold to the officer was counterfeit, the State failed to present sufficient evidence that, if believed, would convince the average mind of Kimbrough's guilt beyond a reasonable doubt. We therefore reverse his *Page 2 
conviction on this charge. And because that decision renders moot Kimbrough's contention that the two crimes were allied offenses of similar import and should have been merged for sentencing, we need not address it.
 I. Facts {¶ 2} Agent Byron Guinther, an investigator for the Ohio Department of Public Safety, posed as a patron at the Locker Room bar in Marietta, Ohio, as part of a long-term drug investigation. Guinther approached Kimbrough and asked him whether he had any "white powder," which is street slang for cocaine. Kimbrough told Guinther that he did not have any white power but to check back later because he knew someone who might.
 {¶ 3} When Agent Guinther returned later that evening, Kimbrough took him to an area in the back of the bar to meet Wedington. Kimbrough and Wedington asked Agent Guinther how much white powder he wanted. Guinther asked for "a fifty." Wedington gave him a folded dollar bill and told him that it was all there. Guinther then gave Wedington $40, and on Wedington's instruction, gave Kimbrough $10. The folded dollar bill contained a white powder substance, which lab tests later revealed was not in fact cocaine or any other controlled substance.
 {¶ 4} The Washington County grand jury indicted both Wedington and Kimbrough, who was ultimately charged by amendment with: (1) complicity in trafficking in a counterfeit controlled substance, in violation of R.C. 2923.03(A)(1) and 2925.37(B) (H); and (2) complicity in trafficking in cocaine, in violation of R.C. 2923.03(A)(1) and2925.03(A)(1) (C)(4)(a). At trial, the jury found Kimbrough guilty of both amended counts. After the trial court sentenced him to 12 months in prison for each *Page 3 
count, to be served concurrently, Kimbrough filed this appeal.
 II. Assignments of Error {¶ 5} Kimbrough raises two assignments of error:
 The trial court committed plain error by convicting and sentencing Mr. Kimbrough to separate, concurrent sentences on his two offenses, after it had already determined that they were allied offenses. That error contravened clearly established law under R.C. 2941.25(A), longstanding precedent, and Mr. Kimbrough's state and federal constitutional rights regarding due process and double [j]eopardy. (Journal Entry, Feb. 26, 2008); (Amended Journal Entry, June 6, 2008); Tr. at 14, 218, and 283.
 Since no evidence was introduced that either Mr. Kimbrough or the dealer knew that the drugs were counterfeit, the trial court erred when it convicted Mr. Kimbrough of complicity to traffic a counterfeit controlled substance. Conviction in the absence of sufficient evidence violated Mr. Kimbrough's rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. (Amended Journal Entry, June 6, 2008; Journal Entry, Feb[.] 26, 2008).
Because it is dispositive of the appeal, we address Kimbrough's second assignment of error initially.
 III. Sufficiency of the Evidence {¶ 6} In his second assignment of error, Kimbrough argues that the State failed to produce sufficient evidence proving all of the elements of the charge of complicity in trafficking in a counterfeit controlled substance. Specifically, Kimbrough argues that the State failed to produce any evidence that he knew that the substance sold to Agent Guinther was counterfeit.
 {¶ 7} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, *Page 4 574 N.E.2d 492, paragraph two of the syllabus (superseded by state constitutional amendment on other grounds). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Our evaluation of the sufficiency of the evidence raises a question of law and does not permit us to weigh the evidence. State v. Simms,165 Ohio App.3d 83, 2005-Ohio-5681, 844 N.E.2d 1212, ¶ 9, citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 8} Kimbrough was convicted of complicity in trafficking in a counterfeit controlled substance in violation of R.C. 2923.03(A)(1) and2925.37(B) (H). R.C. 2925.37(B) provides that "[n]o person shall knowingly make, sell, offer to sell, or deliver any substance that the person knows is a counterfeit controlled substance." (emphasis added). The Supreme Court of Ohio has reinforced that "[p]roof of such knowledge [that the substance offered was counterfeit] and of the counterfeit character of the substance offered is necessary for a conviction" under the statute. State v. Mughni (1987), 33 Ohio St.3d 65, 68,514 N.E.2d 870 (emphasis removed) (superseded by statute on other grounds).
 {¶ 9} Kimbrough argues that the State failed to produce any evidence regarding his knowledge of the white powder substance's counterfeit nature. The State concedes that it produced no direct evidence of Kimbrough's knowledge on this point. Upon our review of the record, we conclude that the State failed to produce any direct or circumstantial evidence on this element. Kimbrough and Wedington did not testify at trial. Of the State's three witnesses, only Agent Guinther had any contact with Kimbrough or *Page 5 
Wedington. Agent Guinther gave no testimony that would indicate that either Kimbrough or Wedington knew the substance was counterfeit. As the State offered no evidence to prove an essential element to a charge of complicity in trafficking in a counterfeit controlled substance, Kimbrough's conviction on this count is not supported by sufficient evidence. Therefore, we sustain Kimbrough's second assignment of error.
 {¶ 10} Our disposition of this assignment of error renders Kimbrough's first assignment of error moot, and we need not address it. See App. R. 12(A)(1)(c). Accordingly, we reverse Kimbrough's conviction for complicity in trafficking in a counterfeit controlled substance as being supported by insufficient evidence. We remand the matter to the trial court to discharge Kimbrough on that charge. His conviction and sentence on the charge of trafficking in cocaine remains as originally imposed.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. McFarland, J.: Concur in Judgment and Opinion. *Page 1