[Cite as *State v. Allen*, 2014-Ohio-5483.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  2-13-27

    v.

THOMAS M. ALLEN,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2013-CR-61

Judgment Reversed and Cause Remanded

Date of Decision:   December 15, 2014

APPEARANCES:

    *Gerald F. Siesel*  for Appellant

    *Edwin A. Pierce*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Thomas A. Allen ("Allen") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to consecutive sentences. Allen claims that the trial court should have found that the offenses were allied offenses of similar import and merge for sentencing purposes. For the reasons set forth below, the judgment is reversed.

{¶2} On March 13, 2013, the Auglaize County Grand Jury indicted Allen on three counts: 1) breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; 2) theft in violation of R.C. 2913.02(A)(2), a misdemeanor of the first degree; and 3) theft of a firearm in violation of R.C. 2913.02(A)(1), a felony of the third degree. Doc. 1. Pleas of not guilty were entered on behalf of Allen by the trial court at the arraignment on March 21, 2013. Doc. 16. At a final pre-trial on July 26, 2013, Allen entered into a written plea agreement in which he agreed to plead guilty to count one and guilty to an amended count three of attempted theft of a firearm, a felony of the fourth degree. In exchange, the State agreed to dismiss count two and agreed to recommend a sentence of twelve months in prison on count one and eleven months in prison on count two. Doc. 37. Allen appeared before the trial court on July 26, 2013, and changed his pleas on count one and the amended count three to guilty. Doc. 38.

{¶3} A sentencing hearing was held on October 4, 2013. Doc. 53. At the hearing, Allen moved to have the offenses merged as allied offenses of similar import. Doc. 74. The trial court considered the arguments of both the defense counsel and the prosecutor, and then determined that they were not allied offenses subject to merger. *Id.* The trial court then overruled the motion. *Id.* The State then recommended a sentence of twelve months for the breaking and entering, and eleven months for the attempted theft of a firearm to be served consecutively, as set forth in the plea agreement. *Id.* The trial court agreed with the recommendation and ordered an aggregate sentence of twenty-three months in prison, which was to be served consecutive to the prior sentences in Mercer County. Doc. 53. Allen appeals from this judgment and raises the following assignment of error.

> **The trial court committed error to the substantial prejudice of [Allen] in entering convictions and imposing consecutive sentences for Count One – Breaking and Entering (12 months) and Attempted Theft of Firearm (11 months) when, pursuant to [R.C. 2941.25], said offenses are allied offenses of similar import thereby requiring imposition of sentence on only one of the counts due to merger.**

{¶4} The sole issue raised on appeal is whether the two offenses should have merged under the holding of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson*, the defendant was convicted of felony murder and child endangering due to the death of a child in her custody during

daycare. The Ohio Supreme Court reviewed the situation and set forth a new test for determining whether offenses were allied offenses of similar import.

> **Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.**
>
> **In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 815 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.**
>
> **If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * ***
>
> **If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.**
>
> **Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, of if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.**

*Id.* at ¶ 47-51. Thus, the first step this court must take is to determine if breaking and entering and attempted theft of a firearm can both be committed by the same act.

{¶5} To commit the offense of breaking and entering as charged in the indictment in this case, the defendant must commit the following conduct.

> **No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.**

R.C. 2911.13(A). To commit the offense of theft of a firearm, the defendant must commit the following conduct.

> **(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:**
>
> **(1) Without the consent of the owner or person authorized to give consent[.]**

R.C. 2913.02. One attempts to commit a crime, by engaging "in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02. The Supreme Court of Ohio has elaborated on this definition. "A 'criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶95, 781 N.E.2d 980 (quoting *State v. Woods*, 48 Ohio St.2d 127, 357 N.E.2d 1059 (1976)).

**{¶6}** There is no question that the theft offense is interrelated to the breaking and entering offense, as the intent to commit a theft or another felony are a required element of breaking and entering. Thus, the same conduct could result in both offenses occurring, i.e. an attempt to steal a firearm could necessitate that the defendant could trespass in the unoccupied structure with the purpose to steal a firearm. In other words, trespass in an unoccupied structure with the purpose to steal a firearm is a substantial affirmative act towards commission of the theft of the firearm, and constitutes an attempt to steal the firearm. This court must now consider the second part of the test pursuant to *Johnson.*

**{¶7}** The second part of the *Johnson* test is whether the offenses in this case were committed as part of the same conduct without a separate animus. The issue of merger is limited to the offenses of which the defendant is convicted and does not include collateral offenses which may also have been committed.

> **Merger is a sentencing question, not an additional burden of proof shouldered by the state at trial. We have consistently recognized that "[t]he defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act."**

*State v. Washington,* 137 Ohio St.3d 247, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18 (quoting *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987)). Where a conviction arises from a guilty plea, the merger question can be litigated during the sentencing hearing, where a court is allowed to consider any information

presented by either the defense or the State. *Id*. at ¶ 19-20. At a sentencing hearing where the issue of allied offenses is being considered, both the defendant and the State are allowed to present new theories of the case when arguing whether offenses should be merged, so long as the new theories are not inconsistent with the theories argued at trial. *Id*. at ¶ 21-22.

{¶8} A review of the record in this case shows the offenses pled to herein were not committed with separate animus. At the change of plea hearing, the State presented the following information.

> \* \* \*Myron Bowers, owner and operator of Preferred Builders, located in the City of St. Marys, Auglaize County, Ohio, contacted the Police Department advising that he had discovered a theft from his office and from his business. He advised that he had gone into work, had discovered that the door was ajar and that upon entering the business he noted that certain items were missing from the business. An investigation ensued.
>
> During the investigation, St. Marys Police Department received information from the Celina Police Department that they were investigating a series of burglaries that had taken place in the Mercer County, City of Celina. They had developed information there that an individual had information about the Preferred Builders breaking and entering and theft. In speaking with that individual, advised that they were aware that Mr. Allen, the Defendant in this case, who had been an employee of Preferred Builders, had come out of the building, they had met him there to pick him up, he come out of the building and at that time was carrying a red tool box, a yellow bag, - I believe it was a yellow bag, containing tools. --, and a box containing a Weatherby 12 gauge shot gun. Mr. Bowers had indicated that upon his review of items, there were a number of tools that were missing from the business; that Mr. Allen, was in fact an employee at the business; that he had been working there;

> **however, at the time that Mr. Allen had entered the business would have been a time when he was not allowed into the business and that he entered the business without permission from Mr. Bowers or anyone that would have the authority to grant Mr. Allen permission to enter the business, specifically, to take tools and to take this 12 gauge shotgun.**
>
> **Again, Officers spoke with two (2) individuals, they each advising that Mr. Allen was, in fact, the person that came from the building carrying those items, the tools and the shotgun, the box containing the shotgun.**
>
> **\* \* \***
>
> **The Court:  Mr. Allen, you've heard what I've been told, is that truthful?**
>
> **[Allen]:  Yes and no, Your Honor.**
>
> **The Court:  What part of it was not?**
>
> **[Allen]:  Who sold it.**

Change of Plea Tr. 13-15.  Allen essentially admitted that he entered the premises without permission and that he did so with the intent to steal the firearm.  Tr. 11.

In response to Allen's merger argument, the State conceded that Allen had entered the property with the purpose of stealing the firearm.

> **The theft under the underlying breaking & entering was the, - and as Mr. Siesel has just indicated the purpose for doing this was to steal the gun.  But, in the process of stealing the gun apparently it was decided that other tools should be stolen and tools were stolen at that point.**

Sentencing Tr. 11.  Although there would be a separate animus for the actual theft of the firearm and the breaking and entering, i.e. the defendant could have entered

-8-

the building with the intent to commit a felony and then change his mind leaving the actual theft uncompleted, in this case there is no separate animus between the *attempt* to steal the firearm, the offense of which Allen was convicted, and that of breaking and entering. By trespassing in the building Allen took a substantial step in the theft of the firearm, which completed the attempted theft of a firearm. This same step completed the offense of breaking and entering because he illegally entered the building with the intent of committing a felony. Thus, the one act completed both crimes. Based upon the individual facts of this case, the offenses of attempted theft of a firearm and breaking and entering were committed with one animus and were completed by one act. Therefore, under the holding in *Johnson*, the offenses were allied offenses of similar import and should have merged.

{¶9} On appeal, the State now argues that "the animus for stealing the guns [sic] was separate and distinct from the Breaking and Entering as the underlying Theft for the Breaking and Entering is the Theft of tools." Appellee's Br., 3-4. Further the State maintains that this was its position at the trial court, though admitted it was stated "inartfully". *Id.* at 3. The record does not reflect this position. The State clearly argued in the trial court that the intent behind the breaking and entering was in fact the intent to steal the firearm. The State may not change its theory of a case on appeal if the new theory is contrary to what was argued at trial. *State v. Sutphin*, 8th Dist. Cuyahoga No. 96015, 2011-Ohio-5157.

*See also State v. Carner*, 8th Dist. Cuyahoga No. 96766, 2012-Ohio-1190, ¶ 44. The State's theory argued on appeal in this case is not consistent with the argument made before the trial court. This conviction was the result of a guilty plea, so the only argument the State made below was at the sentencing hearing where it conceded that Allen committed the breaking and entering with the intent to steal the shotgun. Since this is the sole argument made before the trial court, the State cannot now properly argue on appeal that the theft offense intended to be committed was the theft of the tools.

{¶10} Additionally, as discussed above, the record supports the State's concession that Allen possessed a single animus. As stated in the presentence investigation report, the shotgun had "been left lying on a drafting table. [It had been] there for about two weeks as it was to be auctioned off at a Ducks Unlimited Banquet." Doc. 74, Ex. A, 3. Allen was also a "former employee of Preferred Builders and would have had knowledge of the stolen shotgun being at the business." *Id.* This evidence supports the argument that Allen intended to steal the shotgun when he committed the offense of breaking and entering, as he knew the shotgun was there.

{¶11} On the issue of the intent for the breaking and entering, the trial court was silent. In fact, the trial court believed the finding to be irrelevant, instead stating as follows.

-10-

> **You can commit a theft offense without doing any Breaking and Entering. He could have stolen the gun while he was lawfully there, while he was working. You could commit those two (2) offenses, in fact, in this particular instance, under the facts of this case, whatever his purpose was in going in in terms of whether he was there to steal the tools and saw the shotgun or whether he was there to steal the shotgun and saw the tools and took them. In any event, he could commit the Breaking and Entering without having actually committed the theft. So his purpose was to commit a theft, but that didn't mean he had to do it. He could have abandoned that at any time, instead he committed the separate offense of theft. I believe under the Johnson [sic] analysis, therefore, they don't merge.**

Tr. 12-13. The trial court took the position that because Allen completed the theft, it was a separate and distinct act from the breaking and entering offense. This is a correct statement of law as the conduct required to break and enter will never result in a completed theft. *State v. Brewer*, 3d Dist. Wyandot No. 16-11-13, 2012-Ohio-3899, ¶ 45. However, Allen was not convicted of the theft, but rather only of *attempted* theft. Whether Allen completed the theft is irrelevant to the analysis for merger as that was not the crime for which he was convicted.

{¶12} The record supports the position that Allen's intent in breaking and entering was to steal the firearm. The record contains no evidence that Allen took any actions that would constitute a substantial step in the commission of the theft prior to the breaking and entering. Thus, Allen had not completed the crime of attempted theft before committing the breaking and entering. In this case, the substantial step in committing the theft occurred when Allen committed the

offense of breaking and entering. The moment that Allen completed the crime of breaking and entering, he had, at that same moment, completed the crime of attempted theft of a firearm. The fact that Allen then took additional actions and actually completed the theft is immaterial in this case because the crimes for which Allen was convicted were already completed. Therefore, in this case, under these facts, the same acts were committed at the same time with the same animus. For this reason, the assignment of error is sustained.

{¶13} Having found error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Auglaize County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, J., concurs.**

**/jlr**

**SHAW, J., dissenting.**

{¶14} The conclusion of the majority that the breaking and entering constitutes an attempted theft, because the trespass into the building was necessary to complete the theft of the items inside the building, is wrong as a matter of law.

{¶15} Under R.C. 2923.02(A), an attempted theft requires "* * * conduct that, if successful, would constitute or result in * * * " the commission of a theft offense. Commission of a theft offense as defined in R.C. 2913.02 (A)(1) requires more than the mere *purpose* to permanently deprive the owner of property, it also requires *obtaining or exerting control over* that property. There is nothing about entering a building with the mere *purpose* to commit a theft offense, however successfully completed by the defendant, that at that point would yet "constitute or result in *obtaining or exerting control over*" the firearm and tools inside the building.

{¶16} The conduct necessary to trespass into a building, if successful, results in entering the building and nothing more, certainly not the theft of the items inside the building. Even assuming it could be construed as "conduct" at all, the formation of the purpose to commit a theft offense, if successful, results in successfully forming the intent to steal, not the successful theft of the items.

{¶17} Even if it were to be argued that gaining *access* to the inside of the building via the trespass resulted in *constructively* obtaining or exerting control over the firearms and tools inside the building, it would not result in a successful completion of the theft offense under R.C. 2913.02 and R.C. 2923.02 because merely obtaining constructive control over the items while remaining inside the building, without some further attempt to remove them from the building and/or at

least place them into the personal possession of someone besides the owner, would not constitute conduct which if successful would demonstrate the purpose to "permanently" deprive the owner of the property as required to constitute a theft offense under R.C. 2913.02.

{¶18} In sum, separate and additional animus, coupled with some additional conduct directed toward personally and permanently obtaining or exerting control over the firearm and tools within the structure, beyond the mere trespass into the building and a mere purpose to steal something, is inherently necessary in order to successfully complete a theft offense under R.C. 2913.02.

{¶19} This is exactly what happened in this case, as the defendant obtained personal control of the tools and firearm inside the building and was caught leaving the building with the items—only at this point completely demonstrating in both instances, conduct which *if successful would constitute or result in knowingly obtaining or exerting control over the items with the purpose to permanently deprive the owner of them without the consent of the owner*—an attempted theft. This cannot be established from the breaking and entering alone. As a result, the breaking and entering alone cannot merge with the attempted theft of the firearms and tools in this case.

{¶20} The majority is also wrong on its factual analysis of this case. The breaking and entering charge in this case does not require and does not specify the

purpose to steal any particular item and each item stolen clearly carries a separate animus for each theft offense. This is another reason the breaking and entering cannot be shown in this instance to have the same animus as the theft of the firearm and is another reason that the trial court's determination of separate animus was supported by sufficient evidence.

{¶21} Additionally, contrary to the emphasis of the majority, the prosecutor's stated "theory" of the case, as expressed in the plea narrative in the trial court or in its argument to this court for that matter, is irrelevant to our determination of the matter before us. What is relevant is whether the indictment, the record, and in this case the factual narrative of the plea, supports the charges the defendant pled guilty to and supports the convictions and sentence of the trial court.

{¶22} The defendant in this case was caught coming out of the building with the firearm and toolbox in his possession, and acknowledged the same at the plea hearing, all of which is probably about as good as it gets for a record in support of a conviction and sentence for attempted theft. Moreover, the defendant also acknowledged the accuracy of the state's plea narrative that he had stolen both items. So state's theories notwithstanding, based on the record, the trial judge was again justified in ascribing an independent animus to each of the

defendant's theft offenses, separate and apart from the breaking and entering and from each other.

{¶23} In fact, there is no conclusive indication in the record outside the prosecutor's personal opinion that the defendant knew the firearm was in the building or that it was exclusively the firearm that motivated the breaking and entry. It thus appears that the trial court could have reasonably concluded that the intent to steal at least one of the items was formed and put into action only after entry into the building.

{¶24} For the foregoing reasons, I respectfully dissent. The judgment of the trial court follows the criminal statutes governing this case, was supported by the record and should be affirmed.

/jlr