[Cite as *State v. Bryant*, 2018-Ohio-4910.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1211

    Appellee                               Trial Court No. CR0201601380

v.

Xavier Bryant                                    **DECISION AND JUDGMENT**

    Appellant                              Decided:  December 7, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Xavier Bryant, appeals the judgment of the Lucas County Court

of Common Pleas, convicting him of two counts of felonious assault on a peace officer in

violation of R.C. 2903.11(A)(2) and (D), felonies of the first degree, along with an

attendant firearm specification pursuant to R.C. 2941.145, and sentencing him to 15 years in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 26, 2016, appellant was indicted on four counts of first-degree felonious assault, each with an attendant firearm specification. On August 15, 2016, appellant entered into a plea agreement with the state whereby he agreed to plead guilty to the first and second counts of felonious assault, and in exchange the remaining two counts, as well as three of the four firearm specifications, would be dismissed. The trial court conducted a detailed Crim.R. 11 plea colloquy and accepted appellant's guilty plea. Notably, neither party stated the facts that supported the charges at the plea hearing.

{¶ 3} Following the trial court's finding of guilt, the court continued the matter for sentencing and the preparation of a presentence investigation report. On August 29, 2016, appellant filed a sentencing memorandum, in which he argued that the two counts of felonious assault should merge. In particular, appellant argued that his conduct consisted of the quick firing of four shots in the same direction in unbroken succession. He further noted that no officers were injured by the gunshots. Thus, he concluded that his actions constituted a single course of conduct, and the two charges should merge for purposes of sentencing.

{¶ 4} On September 7, 2016, the state filed its response. In its brief, the state described that on the day of the incident, a police SWAT unit entered the house. As they were approaching, one of the officers yelled "POLICE WITH A WARRANT." The

2.

officers fired "knee-knockers" through the windows and deployed a "flash bang" in the living room area. The first four officers then entered the living room and proceeded towards the dining room. As they entered the dining room, multiple gunshots were fired at them from the kitchen. Two of the bullets lodged in the kitchen wall, and two more pierced the walls and traveled into the dining room where the officers were located. Thus, because appellant's conduct threatened injury to multiple officers, the state argued that the charges should not merge.

{¶ 5} The sentencing hearing was held on September 12, 2016. At the hearing, the trial court queried if appellant knew or was reckless as to whether more than one officer was present and behind the wall at which he was shooting. The state responded that the officers were advancing and making noise, and they were all "hollering." Earlier, the state had commented that several officers were shouting "Police. Search warrant," and the trial court noted that three of those officers were in the courtroom nodding their heads in agreement. Appellant, on the other hand, argued that because the officers were advancing behind a wall, he never had a direct line of sight, and did not see any of the officers. Upon the information presented by the parties, the trial court found that the offenses did not merge. The court then proceeded to sentence appellant to six years in prison on each count of felonious assault, to run consecutively with each other, and consecutive to the mandatory three-year prison sentence for the gun specification, for a total prison term of 15 years.

## II.  Assignments of Error

{¶ 6} On September 29, 2017, we granted appellant's motion for a delayed appeal. Appellant now asserts two assignments of error for our review:

> 1.  The trial court erred in failing to merge the counts of felonious assault, thereby violating the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

> 2.  Trial counsel rendered ineffective assistance at sentencing, where he failed to introduce any evidence into the record in support of the merger issue.

## III.  Analysis

{¶ 7} In his first assignment of error, appellant argues that the trial court erred when it failed to merge the two counts of felonious assault.  We review a trial court's decision on the issue of merger de novo.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

{¶ 8} R.C. 2941.25 provides,

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

4.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Appellant bears the burden of establishing that he is entitled to merger under R.C. 2941.25. *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987).

{¶ 9} In his brief on appeal, appellant argues that the matter must be remanded for a hearing because there are insufficient facts in the record to determine the issue. In particular, appellant notes that no set of facts were recited at the plea hearing. Moreover, the parties disagreed at sentencing on the relevant facts of how many officers were in the dining room when appellant fired, and whether appellant knew or should have known how many officers were present.

{¶ 10} However, the Ohio Supreme Court has held, "[W]hen deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 24. Specifically, the court reasoned that merger was a sentencing issue, and Ohio's felony-sentencing statute "allows the state and the defendant to 'present information relevant to the imposition of sentence in the case.'" *Id.* at ¶ 20, quoting R.C. 2929.19(A). Further,

5.

"R.C. 2929.19(B)(1) states that the trial court 'shall consider * * * *any* information presented' by the defense or the prosecution at the sentencing hearing." (Emphasis sic.) *Id.* Finally, the court reasoned that the appellate court must review the entire record, which "shall include '[a]ny oral or written statements made to or by the court at the sentencing hearing.'" *Id.*, quoting R.C. 2953.08(F)(3).

{¶ 11} Here, the state asserted that multiple officers entered the residence shouting "Police. Search Warrant." and that four of those officers were present in the dining room when appellant fired his shots. The trial court implicitly concluded that appellant must have heard multiple voices and known that there were multiple officers present. We reach the same conclusion. It stands to reason that during an armed police raid, where distraction devices such as "knee-knockers" and flash bangs are used, and where multiple officers are yelling and shouting orders, that appellant would know, or at least should have known, that more than one officer would actually enter the residence. Thus, we conclude from the information presented at the sentencing hearing that there was a separate animus for each offense. "Where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense." *State v. Mitchell*, 6th Dist. Erie No. E-09-064, 2011-Ohio-973, ¶ 41, quoting *State v. Gregory*, 90 Ohio App.3d 124, 129, 628 N.E.2d 86 (12th Dist.1993). Therefore, we hold that the offenses of felonious assault in Counts 1 and 2 should not merge.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken.

6.

{¶ 13} In his second assignment of error, appellant argues that he received ineffective assistance of counsel when his trial counsel failed to introduce evidence during the sentencing hearing as to the issue of merger.

{¶ 14} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

{¶ 15} Here, appellant has not demonstrated prejudice. Appellant argues that because counsel did not introduce evidence, he failed to create a record for meaningful appellate review. However, appellant does not point to any information in the record which shows that the offenses should have merged, and there is no evidence in the record of any potential information that counsel failed to provide which would have shown that the offenses should have merged. Thus, appellant has failed to demonstrate that but for counsel's error the result of the proceedings would have been different. Therefore, we hold that appellant has not satisfied the standard for a claim of ineffective assistance of counsel.

7.

**{¶ 16}** Accordingly, appellant's second assignment of error is not well-taken.

## IV.  Conclusion

**{¶ 17}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                JUDGE

James D. Jensen, J.             

                                               _____
Christine E. Mayle, P.J.          JUDGE
CONCUR.

                                                 _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.